NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
SAMANTHA BRYANT,                                 :
                                                 :
    Plaintiff,                                  :        Civil Action No. 14-4110 (SRC)
                                                 :
v.                                               :        **OPINION**
                                                 :
COMMISSIONER OF SOCIAL                           :
SECURITY,                                        :
                                                 :
    Defendant.                                  :
_____:

**CHESLER, District Judge**

    This matter comes before the Court on the appeal by Plaintiff Samantha Bryant ("Plaintiff") of the final decision of the Commissioner of Social Security ("Commissioner") determining that she was not disabled under the Social Security Act (the "Act"). This Court exercises jurisdiction pursuant to 42 U.S.C. § 405(g) and, having considered the submissions of the parties without oral argument, pursuant to L. CIV. R. 9.1(b), finds that the Commissioner's decision will be vacated and remanded.

    In brief, this appeal arises from Plaintiff's application for supplemental security income benefits, alleging disability beginning December 10, 2010. A hearing was held before ALJ Donna A. Krappa (the "ALJ") on July 25, 2012, and the ALJ issued an unfavorable decision on December 10, 2012, finding that Plaintiff had not been disabled during the period in question. After the Appeals Council denied Plaintiff's request for review, the ALJ's decision became the Commissioner's final decision, and Plaintiff filed this appeal.

    In the decision of December 10, 2012, the ALJ found that, at step three, Plaintiff did not

meet or equal any of the Listings. At step four, the ALJ found that Plaintiff retained the residual functional capacity to perform light work. At step four, the ALJ also found that Plaintiff had no past relevant work. At step five, the ALJ obtained the testimony of a vocational expert, and determined that there are other jobs existing in significant numbers in the national economy which the claimant can perform, consistent with her medical impairments, age, education, past work experience, and residual functional capacity. The ALJ concluded that Plaintiff had not been disabled within the meaning of the Act.

Plaintiff argues that the Commissioner's decision should be reversed and the case remanded on three grounds: 1) the ALJ's decision at step three is not supported by substantial evidence; 2) the ALJ failed to adequately explain the residual functional capacity determination; and 3) the hypothetical presented to the vocational expert at step five was inadequate.

First, the parties dispute the determination at step three. Plaintiff contends that she meets the requirements of Listing § 14.08B7. The dispute appears to turn on the question of whether Plaintiff had pneumocystis pneumonia ("PCP"). Plaintiff points to a hospitalization discharge summary, dated December 30, 2010, which shows a final diagnosis of advanced AIDS with PCP. (Tr. 231.)  In opposition, the Commissioner points to three pieces of evidence: 1) a chart note from that hospitalization, dated December 29, 2010, which states that a sputum culture from a specimen taken December 24, 2010 was negative for PCP (Tr. 278); 2) the report from a state agency medical consultant who, having reviewed the records of hospitalization, expressly stated that Plaintiff had been "hospitalized with pneumonia [not PCP]" (Tr. 50); and 3) a report from a state agency physician reviewing and affirming the report from the previously mentioned consultant. (Tr. 63.)  Thus, while there is conflicting evidence in the medical record, the ALJ's

step three determination that there was no evidence of PCP is supported by substantial evidence.

Plaintiff next argues that the ALJ's step four determination is unexplained. This is correct: the ALJ concluded that Plaintiff retained the residual functional capacity for light work, but provides no explanation for this conclusion. This is not an overstatement. The section of the ALJ's decision devoted to the RFC determination does not provide even any discussion related to the claimant's capacity for light work. Third Circuit law "requires the ALJ to set forth the reasons for his decision." Burnett v. Commissioner of SSA, 220 F.3d 112, 119 (3d Cir. 2000). When an ALJ fails to do so, the decision is "beyond meaningful judicial review." Id. This Court cannot ascertain from the ALJ's decision why she concluded that the claimant retained the residual functional capacity for light work. The step four determination is not amenable to meaningful review, and must be vacated and remanded for further proceedings.

In the opposition brief, the Commissioner argues that the ALJ's residual functional capacity determination is supported by the evaluations of two state agency medical consultants, which, perhaps, the ALJ adopted without saying so. This qualifies as interesting speculation. It does not, however, provide a sufficient basis to affirm the Commissioner's decision; to do so would be procedurally unfair to Plaintiff. Plaintiff cannot be required to divine the unstated underpinnings of the ALJ's decision. Procedural fairness requires that Plaintiff must be given a complete explanation for the ALJ's decision, so that she may effectively question that decision on appeal. Plaintiff has not been given this opportunity.

As it stands, the ALJ's decision cites only one medical opinion on Plaintiff's ability to work, and this one opinion supports Plaintiff's claim of disability. This opinion is stated in a

one-paragraph letter, dated May 4, 2011, from "Eileen Scarinci APN."[1]  (Tr. 287.)  This letter states, in short, that Plaintiff had been hospitalized, was "slowly improving," and "is not able to return to work at this time."  (Tr. 287.)  SSR 96-2p instructs the ALJ to evaluate treating source medical opinions by looking to the record to see whether they are well-supported and consistent with medical evidence.  When medical opinions are mere conclusions, offered without support, it is especially important to do so carefully.

The ALJ's rejection of this opinion does not appear well-supported.  The Third Circuit has stated:

> In choosing to reject the treating physician's assessment, an ALJ may not make speculative inferences from medical reports and may reject a treating physician's opinion outright only on the basis of contradictory medical evidence and not due to his or her own credibility judgments, speculation or lay opinion.

Morales v. Apfel, 225 F.3d 310, 317 (3d Cir. 2000).  On remand, the ALJ should give careful attention to the requirements of Morales.

For the reasons stated above, this Court finds that the Commissioner's decision is "beyond meaningful judicial review."  Burnett, 220 F.3d at 119.  The Commissioner's decision is vacated, and the case is remanded to the Commissioner for further proceedings in accordance with this Opinion.

  s/ Stanley R. Chesler<br>
STANLEY R. CHESLER, U.S.D.J.

Dated: August 19, 2015

---

[1] This Court need not reach the question of whether the ALJ erred in stating that a nurse practitioner's opinion "is not an acceptable medical source opinion."  (Tr. 17.)  While this appears to be inconsistent with the express language of 20 C.F.R. § 416.913(d)(1), which specifically mentions nurse-practitioners, the decision to vacate the ALJ's decision does not rest on this issue.